Sunita Kapoor LL.M    SBN: 154186
Law Offices of Sunita Kapoor
4115 Blackhawk Plaza Circle, Suite 100
Danville, CA 94506
Telephone: (925)-351-6789
Email: skapoorlaw@gmail.com

Attorney for Plaintiff
Gary Gravelyn

### UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| GARY GRAVELYN<br>            Plaintiff,<br><br>vs.<br><br>KONINKLIJKE PHILIPS N.V., et al.,<br>            Defendants | Case No.: 3:25-CV-10908<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 116** |

**In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation MDL No. 3014**

### I. INTRODUCTION

Plaintiff Gary Gravelyn respectfully submits this brief in support of his motion to vacate Conditional Transfer Order No. 116 ("CTO-116"), which conditionally transferred his case—Gravelyn v. Koninklijke Philips N.V., et al., Case No. 3:25-cv-10908 (N.D. Cal.)—to MDL No. 3014.

Mr. Gravelyn is suffering from terminal Stage IV lung cancer. He resides in California, where he has received all of his medical treatment and where his treating physicians and records are located. Given the individualized medical issues, the urgent need for expedited case

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 116

management, and the lack of any substantial benefit from centralization, Plaintiff respectfully requests that his case be excluded from transfer to the MDL.

## II. BACKGROUND

Plaintiff, a lifelong non-smoker, used a Philips Respironics DreamStation CPAP device nightly from approximately 2017 until March 10, 2024. On May 13, 2024, he was diagnosed with Stage IV lung cancer. His treating physicians, all based in California, identified no plausible etiology for the cancer other than cumulative toxic exposure from prolonged use of the recalled CPAP device, which contained degrading PE-PUR foam.

Mr. Gravelyn's condition is severe and rapidly progressing. He has been hospitalized multiple times, including ICU-level care, and is now preparing to take medical leave. Time is of the essence.

## III. ARGUMENT

**A. The Panel Has Discretion to Deny Transfer When Unique Circumstances Are Present**

Under 28 U.S.C. § 1407, the Panel may transfer civil actions for coordinated or consolidated pretrial proceedings "for the convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions." However, transfer is not mandatory, and the Panel has repeatedly declined to transfer cases where individual circumstances predominate or where transfer would cause undue prejudice or delay. In re Xarelto (Rivaroxaban) Prods. Liab. Litig., 223 F. Supp. 3d 1348, 1349 (J.P.M.L. 2016) (denying transfer where plaintiff's "individualized circumstances" warranted local adjudication), In re Eliquis (Apixaban) Prods. Liab. Litig., 282 F. Supp. 3d 1354, 1356 (J.P.M.L. 2017) (same).

Here, Plaintiff's diagnosis and limited life expectancy strongly weigh against transfer.

**B. Plaintiff's Terminal Illness and California-Based Treatment Justify Keeping the Case Local**

Plaintiff's terminal diagnosis makes efficient local resolution critical. All of Plaintiff's:

- Treating physicians,

- Medical records,

- Family support, and

- Legal counsel

are located in California, not Pennsylvania. Requiring Plaintiff to litigate in a distant forum would delay discovery, strain access to his medical team, and cause undue burden during a medically fragile time.

**C. This Case Involves Individualized Medical Issues That Will Not Benefit From Centralized MDL Discovery**

While some CPAP litigation issues are common, Plaintiff's claims rely heavily on individualized medical records, specific causation, and the testimony of local treating physicians. Centralized MDL proceedings will not streamline these aspects and may instead delay resolution of the claims most critical to Plaintiff.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Panel vacate Conditional Transfer Order No. 116 and allow this case to proceed in the Northern District of California.

Respectfully submitted,

Dated: 2/10/2026                                   /s/ Sunita Kapoor
                                                  Sunita Kapoor LL.M
                                                  Attorney for Plaintiff Gary Gravelyn